**Ellen J. HUDSON, Appellant,**

v.

**Edward J. DERWINSKI, Secretary of Veterans Affairs, Appellee.**

**No. 90–1269.**

United States Court of Veterans Appeals.

April 24, 1992.

Before FARLEY, Associate Judge.

MEMORANDUM DECISION

FARLEY, Associate Judge:

In its decision of August 31, 1990, the Board of Veterans' Appeals (Board or BVA) concluded that a December 5, 1989, BVA decision denying service connection for the cause of the veteran's death was final and that evidence submitted subsequently did not present a new factual basis for granting service connection. A timely appeal to this Court followed. On July 15, 1991, appellant, widow of the veteran, filed a brief. On September 23, 1991, the Secretary of Veterans Affairs (Secretary) filed a motion for summary affirmance, for acceptance of the motion in lieu of a brief and for a stay of proceedings pending a ruling on this motion. Appellant did not file a response to the motion. Because the Court holds that evidence submitted by appellant subsequent to the December 5, 1989, BVA decision was not new and was cumulative of evidence of record, the August 31, 1990, BVA decision must be affirmed.

The veteran, Billie Hudson, served in the military from December 1936, to December 1939, and from September 1940, to April 1945. R. at 1, 3. On July 28, 1944, the veteran sustained severe combat injuries, including injuries to his left thigh and leg. R. at 85–86. These injuries necessitated a surgical procedure, performed in January 1945, on the circulatory system of the left leg. R. at 91.

The veteran was awarded a 100% rating in a Veterans' Administration Regional Office (VARO) rating decision, dated April 12, 1945. R. at 116. In addition to many of his other injuries, he was awarded service connection for "injury to muscles of left ... thigh, from thru and thru gun shot [sic] wound, with arterial insufficiency, secondary to injury of femoral vessels." *Id.* On January 3, 1966, a rating decision was issued in which it was written:

> The current exam. gives [sic] diagnoses varicose veins, bilateral, intermittent claudication [of] both lower extremities....
>
> [Service records show] that the claimant had arterial insufficiency of left lower extremity as secondary to injury of femoral vessels and left femoral arteriovenous aneurysm secondary to combat wound of left thigh. During hospitalization a left lumbar sympathectomy was performed.

R. at 145. The veteran was rated at 20% for "intermittent claudication with varicose veins, left lower extremity". R. at 146. Two further rating decisions maintained the total rating at 70%. R. at 169, 178.

The veteran was hospitalized in March 1988, and an amputation of the right leg, below the knee, was performed. Shortly before his death, a portion of his left foot was removed. The veteran did not recover from these operations and subsequently suffered a cerebral vascular accident and a cardiac arrest. He died on April 5, 1988. The death certificate recorded the cause of death as gangrene of the right leg, due to or as a consequence of thrombosis of an aortic graft. R. at 179.

In a rating decision, dated July 15, 1988, the VARO concluded that the veteran's cause of death was "shown to be a result of hypertensive cardiovascular disease with arteriosclerosis and complications therefrom. Died from gangrene right leg due to thrombosis of aortic graft." R. at 194. Service connection for the veteran's cause of death was denied. Appellant disagreed with this determination and submitted a number of corroborating statements from treating physicians. In one letter dated January 24, 1989, a private physician, Dr. Fred M. Burdette, states that the veteran underwent an aortic graft in 1974 as a result of the service-connected intermittent claudication, and that complications involving this graft led directly to the veteran's death. R. at 216.

On December 5, 1989, the BVA rendered its first decision, denying entitlement to service connection for the cause of death. R. at 236. In it, the BVA addressed the statement from Dr. Burdette, yet concluded the 1974 operation was performed to relieve the veteran's nonservice-connected arteriosclerotic or atherosclerotic disease rather than his service-connected intermittent claudication. R. at 242. The BVA found that the problems with the right leg, which caused the death of the veteran, were unrelated to any service-connected disabilities and resulted from cardiovascular diseases. The BVA concluded that the 1988 left foot removal was not only unrelated to the service-connected conditions in the left leg, but was not the proximate cause of the veteran's death. R. at 243.

■ On June 6, 1989, appellant submitted a second letter from Dr. Burdette. R. at 247. In this letter, Dr. Burdette clarifies the statements he made in the letter of January 24, 1989. On December 20, 1989, a deferred or confirmed rating decision stated that the BVA decision was final and that the letter of June 6, 1989, "constitutes no new factual basis on which to establish [service connection] on cause of death." R. at 246.

In its decision of August 31, 1990, the BVA stated that the December 5, 1989, BVA decision was final and confined its discussion and evaluation to Dr. Burdette's second letter. The BVA concluded that this letter was only cumulative of other evidence of record that was previously before the Board.

> While certainly germane to this issue, the Board finds that the newly-submitted evidence is merely cumulative, and, therefore, does not present a new factual basis for a determination that disability incurred in or aggravated by service ei-

ther caused or contributed substantially or materially to cause death.

*Ellen J. Hudson,* BVA 90 29939, at 5 (Aug. 31, 1990).

Under 38 U.S.C. § 7104(b) (formerly § 4004(b)), a final decision by the BVA on a given claim "may not thereafter be reopened and allowed and a claim based upon the same factual basis may not be considered." The exception to this rule is 38 U.S.C. § 5108 (formerly § 3008) which states that "[i]f new and material evidence is presented or secured with respect to a claim which has been disallowed, the Secretary shall reopen the claim and review the former disposition of the claim." In *Manio v. Derwinski,* 1 Vet.App. 140 (1991), this Court established that the BVA must perform a two-step analysis when the veteran seeks to reopen a claim based upon new evidence.

> First, the BVA must determine whether the evidence is 'new and material'. 38 U.S.C. § [5108]. Second, if the BVA determines that the claimant has produced new and material evidence, the case is reopened and the BVA must evaluate the merits of the veteran's claim in light of *all* the evidence, both new and old.

*Id.* at 145 (citation omitted). In *Colvin v. Derwinski,* 1 Vet.App. 171 (1991), the Court stated that "[n]ew evidence is not that which is merely cumulative of other evidence on the record. Material evidence is relevant and probative of the issue at hand." *Id.* at 174 (citations omitted). The Court held that "to justify a reopening on the basis of new and material evidence, there must be a reasonable possibility that the new evidence, when viewed in the context of all the evidence, both new and old, would change the outcome." *Id.* Here, the BVA correctly found that while Dr. Burdette's second letter, submitted subsequent to the December 5, 1989, decision, was "germane", it also found the letter to be cumulative of the information before the BVA at that time. Evidence which is "cumulative of other evidence on the record" is not new. *Id.*

■ Upon consideration of the record, appellant's brief, and the Secretary's mo-

tion for summary affirmance, it is the holding of the Court that appellant has not demonstrated that the Board committed either factual or legal error which would warrant reversal. *Gilbert v. Derwinski,* 1 Vet.App. 49 (1990); *see also Anderson v. City of Bessemer City,* 470 U.S. 564, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985); *Danville Plywood Corp. v. United States,* 899 F.2d 3 (Fed.Cir.1990). Summary affirmance is appropriate when, as here, the issue is of relative simplicity and the outcome is not reasonably debatable. *Frankel v. Derwinski,* 1 Vet.App. 23 (1990). Accordingly, the Secretary's motion for summary affirmance is granted and the decision of the Board of Veterans' Appeals is AFFIRMED.